1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEUL SLADE, an individual,<br><br>                                   Plaintiff,<br><br>v.<br><br>EMPIRE TODAY, LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                                   Defendants. | Case No.:  20-cv-2393-DMS-KSC<br><br>**ORDER GRANTING MOTION TO STAY** |

Before the Court is Defendant Empire Today, LLC's Motion to Stay Proceedings and Discovery in this action pending the resolution of Defendant's Renewed Motion to Compel Arbitration in the United States District Court for the Northern District of California.  For the reasons discussed below, the motion is granted.

## I.
## BACKGROUND

On October 29, 2020, Plaintiff Jeul Slade filed this action in the Superior Court of the State of California in San Diego County alleging various violations of state disability rights and employment laws.  (ECF No. 1-2.)  Defendant Empire Today removed the case to this Court on December 8, 2020.  (ECF No. 1.)

On November 20, 2020, Plaintiff filed a separate class action complaint against Defendant in Alameda County Superior Court alleging violations of the disclosure

1

1   provisions of the Fair Credit Reporting Act.  (ECF No. 19-2, at 6–18.)  Defendant also

2   removed that case to the United States District Court for the Northern District of California

3   on December 22, 2020.  (*Id.* at 22–24.)

4           Defendant then moved to compel arbitration in both actions based upon an

5   arbitration agreement to which Defendant claims Plaintiff consented.  (*See* ECF No. 7; *see*

6   *also* ECF No. 19-2, at 52–65.)  Plaintiff filed near-identical oppositions to these motions

7   in both courts.  (*Compare* ECF No. 9, *with* ECF No. 19-2, at 67–91.)  Plaintiff argues

8   Defendant has failed to demonstrate either that (1) the electronic signature was made by

9   Plaintiff, or (2) a valid arbitration agreement exists. (ECF No. 9, at 9–13; ECF No. 19-2, at

10  75–79.)  This Court has yet to rule on Defendant's motion.

11          However, on February 17, 2021, Judge Yvonne Gonzalez Rogers of the Northern

12  District of California denied Defendant's motion to compel arbitration without prejudice

13  on grounds that "[u]nder the applicable summary judgment-like standard, there is a

14  material dispute of fact as to the formation of the agreement to arbitrate on the current

15  record." *See Slade v. Empire Today*, LLC, No. 4:20-cv-09301, Dkt. No. 10, at 1 (N.D. Cal.

16  Feb. 17, 2021) (citations omitted).  Judge Rogers also granted the parties "leave to take

17  limited discovery based on the issue of contract formation only," and gave Defendant until

18  May 28, 2021 to file a renewed motion to compel arbitration based on that discovery.  *Id.*

19  at 2.

20          On February 23, 2021, Defendant filed a Motion to Stay Proceedings and Discovery

21  in this Court.  (ECF No. 19.)  Defendant argues that the Court should stay the instant action

22  until the parallel arbitration agreement issue is resolved in the Northern District.  (*Id.* at 4–

23  5.)  On March 12, 2021, Plaintiff filed a response in opposition to the motion arguing that

24  such a stay would prejudice his case, and that Defendant has failed to demonstrate its need

25  for a stay.  (ECF No. 20, at 3–6.)  Plaintiff further argues that Defendant's motion is

26  inappropriate because there is no pending motion on the arbitration issue in the Northern

27  District.  (*Id.* at 2–3.)  On March 19, 2021, however, Defendant filed a Renewed Motion

28  to Compel Arbitration before the Northern District.  (*See* ECF No. 22-1.)  Defendant also

1  filed a reply to Plaintiff's opposition to the present motion on March 19, 2021.  (ECF No.

2  22.)  The matter is fully briefed and submitted.

3                                                  **II.**

4                                           **DISCUSSION**

5       "[T]he power to stay proceedings is incidental to the power inherent in every court

6  to control the disposition of the causes on its docket with economy of time and effort for

7  itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

8  "How this can best be done calls for the exercise of judgment, which must weigh competing

9  interests and maintain an even balance."  *Id.* at 254–55 (citations omitted).

10       One such interest is "the orderly course of justice measured in terms of the

11  simplifying or complicating of issues, proof, and questions of law which could be expected

12  to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)

13  (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

14       Judicial efficiency favors a stay of these proceedings.  Plaintiff seems to argue that

15  Defendant's motion should fail because the Northern District's order will not be preclusive

16  or binding on this Court.  (ECF No. 20, at 5.)  But a district court "may, with propriety,

17  find it is efficient for its own docket and the fairest course for the parties to enter a stay of

18  an action before it, pending resolution of independent proceedings which bear upon the

19  case" even if those proceedings are not "necessarily controlling of the action before the

20  court."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

21  Further, granting a stay in this case will simplify the issues in this case by avoiding the risk

22  of conflicting results. *See Little v. McKesson Corporation*, No. 16-CV-2144-AJB-DHB,

23  2016 WL 8668899 at *3 (S.D. Cal. Dec. 16, 2016) (granting motion to stay to avoid the

24  risk of inconsistent results, where the issue will necessarily be decided in a concurrent

25  proceeding before another federal court).  This weighs heavily in favor of granting a stay.

26       Two other factors courts consider when weighing whether to grant a motion to stay

27  are "the possible damage which may result from granting a stay" and "the hardship a party

28

1 | may suffer if the case is allowed to go forward." *Lockyer*, 398 F.3d at 1110 (citation
2 | omitted).

3 |       Here, the risk of prejudice to Plaintiff is minimal.  As Defendant notes, "[t]his case
4 | is in its infancy and discovery has not commenced."  (ECF No. 19-1, at 5.)  Therefore,
5 | "there would be no damage or hardship from the granting of a stay as the case is still in its
6 | early stages." *Farber v. JPMorgan Chase Bank N.A.*, No. 12-cv-2367-GPC, 2014 WL
7 | 12917260, at *1 (S.D. Cal. June 11, 2014).  Plaintiff argues that Defendant's proposed stay
8 | is indefinite, and therefore prejudicial, because Defendant has yet to file a renewed motion
9 | in the Northern District.  (ECF No. 20, at 2, 4.)  Indeed, indefinite stays are generally
10 | prohibited.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,
11 | 1066 (9th Cir. 2007) ("[S]tays should not be indefinite in nature"); *see also Leyva*, 593
12 | F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings
13 | will be concluded within a reasonable time in relation to the urgency of the claims
14 | presented to the court").  However, Defendant has since filed its Renewed Motion to
15 | Compel Arbitration, which is set for hearing before Judge Rogers on April 27, 2021.  (*See*
16 | ECF No. 22-1.)  As such, the duration of the stay requested by Defendant is reasonably
17 | determinate.

18 |       Finally, Plaintiff argues that Defendant's motion fails because it has not shown that
19 | it would be harmed were the case to proceed.  (ECF No. 20, at 3–4.)  While a party moving
20 | to stay a case "must make out a clear case of hardship or inequity in being required to go
21 | forward, if there is even a *fair possibility* that the stay for which he prays will work damage
22 | to some one else," *Landis*, 299 U.S. at 255, the Court is unable to identify any harm to
23 | Plaintiff that would arise from a short stay of this action.  Therefore, considering the
24 | interests of judicial efficiency and comity, the potential for inconsistent results were the
25 | Court to deny the stay, and the limited duration of the delay, the Court is persuaded that a
26 | stay of this case is appropriate.
27 | / / /
28 | / / /

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed above, Defendants' motion is granted and all discovery and proceedings in this matter will be stayed pending Judge Rogers' ruling on Defendant's Renewed Motion to Compel Arbitration in *Slade v. Empire Today, LLC*, No. 4:20-cv-09301-YGR (N.D. Cal.). The parties will notify the Court of any decision the Northern District issues pertaining to Defendant's renewed motion within 14 days of its signing, and will provide the Court with a copy of the relevant order. If the Northern District has not issued an order on the renewed motion by July 27, 2021, Plaintiff may file a motion to vacate this stay.

**IT IS SO ORDERED.**

Dated:  April 14, 2021

Hon. Dana M. Sabraw
United States Chief District Judge

5